IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SCOTT SALISBURY                          )
and DENA SALISBURY,                      )
                                         )
                    Plaintiffs,          )      TC-MD 180079R
                                         )
          v.                             )
                                         )
DESCHUTES COUNTY ASSESSOR,               )
                                         )
                                         )
                    Defendant.           )      **FINAL DECISION OF DISMISSAL[1]**

This matter is before the court on Defendant's Renewed Motion to Dismiss (Second Motion), filed June 11, 2018, requesting that the Complaint be dismissed. Plaintiffs filed responses on June 25, 2018, and June 26, 2018.[2] The matter is now ready for a decision.

Plaintiffs filed their Complaint on March 12, 2017, seeking a reduction to their 2014-15, 2015-16, and 2017-18, property tax assessments for real property identified as account number 155480. The Complaint alleged that the real market value "for the land and structures is high and not accurate." (Compl at 1.) Included in Defendant's Answer was a request to inspect the subject property including "photographs." (Answer at 2.) On April 25, 2018, a telephonic case management conference was held. At the conference, Plaintiffs agreed to amend their Complaint to include values for the relief they are seeking. The parties also discussed Defendant's inspection request and Plaintiffs' refusal to allow a site inspection. The court advised the parties that they should attempt to resolve any disputes regarding inspection of the subject property prior

_____

[1] This Final Decision of Dismissal incorporates without change the court's Decision of Dismissal, entered July 13, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision of Dismissal was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

[2] Plaintiffs' second response indicates they did not understand the court's oral instruction at the second case management conference held on June 20, 2018. Despite being late, the court has considered this response.

to requesting intervention from the court. On May 7, 2018, Defendant filed a Motion to Dismiss (Motion) based on Plaintiffs' refusal to allow an inspection of the subject property. Defendant argued that it "is substantially dis-advantaged by the plaintiffs' refusal to allow defendant's appraisers onto and inside the subject property." (Motion at 2.) Defendant's Motion attached a series of email messages between the parties discussing Defendant's request. Defendant highlighted Plaintiffs' response: "[N]o one from the Deschutes County Assessor's Office, or representative of, will ever be allowed on our property again." (Motion, Ex B.) On May 21, 2018, Plaintiffs filed a response to the Motion alleging that Defendant had engaged in a series of misrepresentations, critical mistakes, and have already had an opportunity to inspect the property in previous years. (Resp at 1.) On May 25, 2018, the court issued an order denying Defendant's Motion as premature "because no order requiring Plaintiffs to submit to an inspection has been issued." (Order at 1.) The order stated:

> "[T]he court will treat Defendant's motion as a request for an order requiring Plaintiffs to allow Defendant to conduct a site inspection. Plaintiffs must contact Defendant to schedule an inspection of the property identified as Account 155480 within 14 days from the date of this Order. If Plaintiffs do not cooperate with the inspection, Defendant may file a Motion to Dismiss, which will be granted absent extraordinary circumstances."

On June 11, 2018, Defendant filed the Second Motion due to Plaintiffs' refusal to allow an inspection of the subject property. Defendant asserts that it attempted to negotiate terms for a property inspection but was told, "We would not allow photos for safety reasons and we feel the scope you requested is outside the bounds of the appeal. It does not look like we will come to an agreement regarding your requested parameters for a site inspection." (Second Motion, Ex 1.) On June 18, 2018, a telephonic case management conference was held and the parties focused their discussion on the pending Second Motion. The court inquired of Scott Salisbury (Salisbury) the nature of his concerns about the inspection. Salisbury stated he had security

concerns regarding pictures of his property due to his line of work. The court suggested that a protective order could limit public dissemination of any information. Salisbury replied that any order would be insufficient to protect his family. Both orally, and in the court's Journal Entry dated June 18, 2018, the court stated:

> "Plaintiffs must file a response to Defendant's Motion no later than June 25, 2018. Plaintiffs' response should explain why the court's suggestion of a protective order in connection with the site inspection would be insufficient to protect Plaintiffs' security needs."

(Journal Entry at 1.)

In Plaintiffs' responses to the Second Motion they reiterate their allegations that Defendant has acted inappropriately in the past and cannot be trusted. They also argue that Defendant had already performed a site inspection in past years. Plaintiffs state in their response:

> "As the defendant has clearly chosen to not follow policies set forth by the Oregon Department of Revenue to insure honest, accurate and fair tax assessment. Why should the burden to allow another site inspection rest on the taxpayer. If the Deschutes County Assessor's office has acquired enough information to generate a tax bill and take our money, there should be no need to reassess to defend their actions. Furthermore, compliance with the defendant's demands for another full interior/exterior site inspection with photos of all structures, including those that are not in dispute, would violate my right to privacy, 4th amendment right against unreasonable search and could place me and my family in danger. * * *
>
> "* * * * *
>
> "We respectfully request the Magistrate Division allow this case to proceed to trial to allow a fair and impartial decision to be rendered regarding these matters with the information currently at hand by both parties."

(Resp to Second Motion at 2–3.)

Plaintiffs' supplemental response stated: "A protective order is not a guarantee that information can not be accessed. Any court ordered protection or sealed document

/ / /

still exist in both the legal and physical sense.  That being said, another court order can access those records and documents."

In *Poddar v. Dept. of Rev.*, 328 Or 552, 983 Pd2 527 (1999), the Supreme Court upheld an order issued by the Tax Court requiring a taxpayer to submit to an inspection of the subject property.  The court found that "an inspection of taxpayer's residence appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. at 562.  The court further stated:

> "[T]he right of privacy is not absolute. It must be balanced against legitimate and weighty competing private and state interests.  The Tax Court balanced taxpayer's interest in privacy against the department's interest in defending against taxpayer's complaint and concluded that, because the property's value is directly at issue, the department's ability to defend against the complaint seriously would be impeded without access to the property."

*Id*. at 563 (internal quotation marks omitted.)

Defendant's request for a site inspection, including photographs, appears reasonably calculated to lead to discoverable evidence necessary for the trial.  In fact, the court would look askance at Defendant if it did not offer an appraisal with photographs to prove the real market value of the subject property.  In issuing an Order for Site Inspection, and in offering to craft a protective order, the court sought to balance Plaintiffs' privacy interest with Defendant's need to present reliable evidence of value at trial.  It is clear from Plaintiffs' responses to Defendant and to the court that they will not allow Defendant to conduct a site inspection of their property and will not comply with the court's Order for Site Inspection dated May 25, 2018.  It is also clear that Plaintiffs will not consider any court fashioned protective order.  That leaves the court with few choices.  The court could, as Plaintiffs suggest, limit Defendant's evidence to inspections from prior years.  However, in that case it would only be fair to similarly limit Plaintiffs' evidence.  The result would be a trial devoid of the necessary facts required for the court to make

a decision as to the real market value of the property. The parties to this case have engaged in two discussions about Defendant's need for an inspection and the court has had briefing in two separate motions. The court finds it unfortunate that dismissal is the only remedy left. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is dismissed.

Dated this ____ day of July 2018.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on July 31, 2018.*